AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ Duplicate



CLERK'S OFFICE
A TRUE COPY
Dec 27, 2025
s/ MMK
Deputy Clerk U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>**The premises located at 1239 North 33rd<br>Street, Milwaukee, Wisconsin** | )<br>)<br>)<br>)<br>)<br>)    Case No.    25-MJ-244 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A1.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____1/10/2026_____ *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____William E. Duffin, U.S. Magistrate Judge_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____12/27/2025   4:00 PM_____

*Judge's signature*

City and state:   Milwaukee, Wisconsin          William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

**Return**

| Case No.: 25-mJ-244 | Date and time warrant executed: 12/28/2025 AT 12:05pm | Copy of warrant and inventory left with: IN RESIDENCE |
|---|---|---|

| Inventory made in the presence of : JACOB DETTMERING |
|---|

Inventory of the property taken and name(s) of any person(s) seized:

- FOUR (4) IPHONES
- BOX OF 7.62×39 AMMUNITION — TEN (10) ROUNDS
- 10mm FEDERAL 180-GRAIN AMMUNITION — FORTY-THREE (43) ROUNDS
- ONE (1) EMPTY BLACK MAGAZINE
- BLACK / METALLIC TRIGGER ASSEMBLY
- ONE (1) SPENT CASING — "WMA 25"

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 4/3/2026

_Executing officer's signature_

JACOB GALAROWIC, FBI SPECIAL AGENT
_Printed name and title_

# ATTACHMENT A1

## Property to Be Searched

The premises located at 1239 North 33rd Street, Milwaukee, Wisconsin, more fully described as a two-story single family home with brown-siding and white door and window frames. The numbers "1239" are affixed above the mailbox to the right of the door. The search is to include any garages or storage areas on the premises.



1

## **ATTACHMENT B**

*Property to be seized*

I.      All records, documents, evidence, objects, and information relating to violations of 18 U.S.C. § 922(q)(2)(A) (Possession of a Firearm in a School Zone); 18 U.S.C. § 922(q)(3)(A) (Discharge of a Firearm in a School Zone); 18 U.S.C. § 922(o) (Possession of a Machinegun); and 18 U.S.C. § 2, involving Jakhuan Tyrell STATEN-GEE (DOB: 09/29/2007), and others unknown, on or about December 22, 2025, including

      a.   Firearms

      b.   Ammunition

      c.   Cellular devices;

      d.   Records and information about possession, custody, and control of firearms and ammunition;

      e.   Records and information about possession of a firearm in a school zone and the discharge of a firearm in a school zone, on or about December 22, 2025 at approximately 1:14 p.m.;

      f.   Records and information relating to a gray 2026 Honda Civic sedan assigned VIN: 2HGFE2F56TH539248 and/or bearing Wisconsin license plate license plate BCF-7292, including but not limited to purchase paperwork, titles, vehicle registration, and insurance documents.

      g.   Records and information relating to the identities of the occupants of a gray Honda Civic on December 22, 2025 at approximately 1:14 p.m.

      h.   Records relating to the path of travel Jakhuan Tyrell STATEN-GEE and/or a gray Honda Civic on December 22, 2025;

      i.   Records and information relating to the identity or location of the suspects; and

      j.   Records and information relating to malicious software.

4

II.     For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    h. evidence of the times the COMPUTER was used;

    i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k. records of or information about Internet Protocol addresses used by the COMPUTER;

    l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked"

5

or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disk drives or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

6